Cruz, Demandante y Apelado, *v.* Quiñones, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre filiación.

No. 2593.—Resuelto en enero 9, 1923.

Filiación — Reconocimiento de Hijos Naturales — Concubinato de los Padres.—Cuando se reclama el reconocimiento de hijos naturales nacidos al amparo del artículo 135 del Código Civil Español no es necesario probar que los alegados padres vivieran como marido y mujer durante los embarazos y los partos.

Id.—Concubinato de los Padres—Posesión del Estado de Hijo Natural Reconocido.—El último apartado del artículo 189 del Código Civil Revisado, tal como regía cuando nacieron tres de los hijos ilegítimos que demandan el reconocimiento en el presente caso, se refiere al caso en que el reconocimiento haya de establecerse solamente por el concubinato o por las relaciones amorosas, pero aunque no se pruebe esto puede obtenerse la declaración de reconocimiento de hijo natural si se prueba que el padre pública o privadamente ha tenido al hijo por suyo o le ha llamado tal en conversación o se ocupa de su educación o sostenimiento, como dice el párrafo segundo.

Id.—Dispensa para Contraer Matrimonio.—La licencia para contraer matrimonio requerida por el artículo 45 del Código Civil Español es la que debían dar

los padres a los hijos menores de edad, para contraer matrimonio, pero no es la dispensa a que se refiere el artículo 119 del Código Civil Español, pues ésta es de los impedimentos para contraer matrimonio, que son dispensables.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. P. Fajardo Martínez.*

Abogado del apelado: *Sr. L. Torres Grau.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Rosa-Elisa, Rita, Ursula, Víctor, Ana-María y Luisa, hijos naturales de Crescencia Cruz, los tres primeros por su propio derecho y los restantes representados por su madre, por ser menores de edad, demandaron a Luis Quiñones Aymard para que se declarase judicialmente que son hijos naturales suyos, alegando que nacieron en el período comprendido entre el 25 de noviembre de 1894 y el 3 de noviembre de 1905, especificando las respectivas fechas, durante el público concubinato de sus padres, siendo solteros, sin impedimento legal para contraer matrimonio y que siempre fueron tratados por el demandado Luis Quiñones Aymard como hijos suyos, llamándolos como tales en sus conversaciones públicas y privadas y que cuidó de su alimentación, sostenimiento y educación como tales hijos. Presentada la contestación del demandado se celebró el juicio dictándose sentencia de conformidad con la demanda y contra ella interpuso el demandado este recurso de apelación.

Los errores alegados por el apelante son por haber estimado la corte inferior como suficiente la prueba de los demandantes y porque tratándose de hijos nacidos al amparo de distintas leyes la prueba aportada por los demandantes no demuestra con precisión los actos de reconocimiento relativos a cada uno de los presuntos hijos. Así, pues, ambos alegados errores versan sobre la suficiencia de la prueba.

Cuatro de los demandantes y su madre declararon en el juicio, haciéndolo también otros quince testigos, resultando del conjunto de las declaraciones que el demandado Luis Qui-

ñones Aymard tuvo relaciones amorosas con la madre de los demandantes durante varios años, aunque no vivían habitualmente en la misma casa; que fruto de ellas fueron los seis demandantes y otra hermana que murió y que durante ese tiempo y después el demandado los tuvo y consideró como hijos suyos, tratándolos como tales ante diversas personas, habiendo manifestado a algunas que eran sus hijos y habiendo suministrado dinero para su sostenimiento y educación hasta poco antes de ser demandado.

Sostiene, sin embargo, el apelante que esa evidencia es insuficiente porque no se probó que durante los embarazos y los partos fueran conocidos Crescencia Cruz y Luis Quiñones viviendo como marido y mujer, atendiéndola y pagando sus gastos.

El artículo 135 del Código Civil español, bajo cuyo amparo nacieron los cuatro primeros demandantes, dice que el padre está obligado a reconocer al hijo natural: 1°, cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad; 2°, cuando el hijo se halle en la posesión contínua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia. Nada dice con respecto al concubinato. Y el artículo 189 del Código Civil Revisado, tal como regía cuando nacieron los otros hijos, disponía que el padre está obligado a reconocer al hijo ilegítimo: 1°, cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad; 2°, cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación o sostenimiento; 3°, cuando la madre fuere conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo o cuando éste haya nacido llevando sus padres relaciones amorosas. Este último apartado se refiere al caso en que el reconocimiento haya de establecerse solamente por el concubinato o por las relaciones amorosas pero aunque no se pruebe esto puede obtenerse la declaración de

reconocimiento de hijo natural si se prueba que el padre públicamente o privadamente ha tenido al hijo por suyo o le ha llamado tal en conversación o se ocupa de su educación o sostenimiento, como dice el párrafo segundo. Pero aparte de esto en este caso, además de demostrarse que los demandantes están comprendidos dentro de los incisos segundos de ambos artículos, se ha probado también que los demandantes nacieron llevando sus padres relaciones amorosas.

También se alega por el apelante que no se ha probado que el demandado tratara a los demandantes pública y privadamente como hijos suyos llamándolos tales hijos en sus conversaciones públicas y privadas, alimentándolos, sosteniéndolos y educándolos como tales hijos, pero la lectura que hemos hecho de la prueba nos convence de lo contrario.

En el alegato escrito y en el oral ha insistido el apelante en que este caso es igual al de *Méndez* v. *Martínez*, 21 D. P. R. 252, y que siguiendo la doctrina establecida en él debemos declarar que la prueba es insuficiente y revocar la sentencia apelada. En el caso citado no se absolvió al demandado sino que se ordenó un nuevo juicio porque tratándose de dos niños nacidos en 1909 y 1911, ciertas cartas que se presentaron para demostrar la paternidad del demandado eran de fecha muy anterior al nacimiento de ellos, o sea, de 1898 a 1907, y se refieren a otros niños; porque otras cartas no tienen fechas ni se probó la fecha en que fueron escritas; porque hubo testigos que se contradijeron al declarar; porque a otros no se les pidió la razón de sus afirmaciones y porque tratándose de niños cuyo reconocimiento estaba subordinado a leyes diversas no se había logrado determinar con precisión los actos de reconocimiento relativos a cada uno de ellos y las fechas en que tuvieron lugar, por todo lo que se estimó que la prueba distaba mucho de ser robusta y convincente, como dijimos en el caso de *Negueruela* v. *Somohano*, 16 D. P. R. 692, que debe ser. Esas circunstancias no concurren en el pleito que resolvemos porque no se presentó prueba documental de reco-

nocimiento, porque los testigos no se contradijeron y porque los actos de reconocimiento por el padre se refieren a la época del nacimiento y a otros posteriores.

Por último alega el apelante que los demandantes no probaron que sus padres podían casarse sin dispensa o con ella al tiempo de la concepción para que tuvieran el concepto de hijos naturales, según el artículo 119 del Código Civil español, porque no se probó el estado civil de los padres ni se presentó prueba de que fueran mayores de 23 años o que hubieran obtenido la licencia para casarse requerida por el artículo 45 del Código Civil español. Esta licencia es la que debían dar los padres a los hijos menores de edad para contraer matrimonio, pero no es la dispensa a que se refiere el artículo 119 del Código Civil español, pues ésta es de los impedimentos para contraer matrimonio, que son dispensables; y en cuanto al estado civil de los padres se probó con sus declaraciones que entonces eran solteros.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.